UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHATEEK PARKER,

    Petitioner,

v.

J. A. TERRIS,

    Respondent.
_____/

Case No. 18-13742

Stephanie Dawkins Davis
United States District Judge

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2241. Shateek Parker ("Petitioner") was serving a 108-month sentence on a drug conspiracy conviction and was a federal prisoner at the Federal Correctional Institution in Milan, Michigan when he instituted this action. In his pleadings, Petitioner challenges a decision by the Bureau of Prisons ("BOP") to expel him from the Residential Drug Abuse Treatment Program ("RDAP") in April, 2018 and seeks re-admittance to the same phase of his RDAP cohort group so that he may complete the program. *See* ECF No. 1. In 2019, Respondent filed an answer to the petition contending that it should be dismissed as moot because Petitioner was readmitted to the RDAP in October, 2019 and given a provision early release date. *See* ECF No. 6. On

February 21, 2020, while this case was pending before the Court, Petitioner was released from federal custody. See Petitioner's Inmate Profile, https://www.bop.gov/inmateloc/. Consequently, for the reasons stated herein, the Court dismisses the habeas petition as moot.

**II.     Discussion**

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See Demis v. Szniezek*, 558 F.3d 508, 512 (6th Cir. 2009); *accord Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998).

2

A court may raise the jurisdictional issue of mootness *sua sponte*. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions...."); *Berger v. Cuyahoga Co. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte.").

As noted, the BOP Inmate Locator database reveals that Petitioner was released from federal custody on February 21, 2020. *See* Petitioner's Inmate Profile, https://www.bop.gov/inmateloc/. Because Petitioner has been released from custody, the Court can no longer grant him relief on his habeas claim. His habeas petition must therefore be dismissed as moot.[1]

### III. Conclusion

For the reasons stated, the Court concludes that there is no longer any case or controversy for the Court to resolve in this matter. Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus as moot.

**IT IS SO ORDERED**.

Dated: September 25, 2020          s/Stephanie Dawkins Davis
                                   Stephanie Dawkins Davis
                                   United States District Judge

---

[1] The Court notes that Petitioner has not provided the Court with an updated address or other contact information as required by the Court's Notice Regarding Parties' Responsibility to Notify Court of Address Changes, *see* ECF No. 2, and the Court's Local Rules. *See* E.D. Mich. L.R. 11.2. His case is thus subject to dismissal for this reason as well.